UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DENVEY EBANKS** | * | CIVIL ACTION |
| | * | |
| VS. | * | NO: 08-1340 |
| | * | |
| **OFFSHORE LIFTBOATS, L.L.C. and** | * | SECTION "C" |
| **C&E BOAT RENTAL, L.L.C.** | * | JUDGE HELEN G. BERRIGAN |
| | * | |
| | * | MAGISTRATE "1" |
| | * | JUDGE SALLY SHUSHAN |
| ************************************ | * | |

### AMENDED MEMORANDUM IN SUPPORT OF
### MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

**NOW COMES** Offshore Liftboats, L.L.C. ("Offshore"), through undersigned counsel, who submits the subject Memorandum in Support of its Motion for Partial Summary Judgment seeking the enforcement of contractual defense and indemnity obligations against Gulf Offshore Logistics, LLC ("GOL").

### BACKGROUND

The subject lawsuit involves the claim of Denvey Ebanks for personal injury allegedly sustained on December 17, 2007 while transferring by personnel basket from the M/V BETTY

CHERAMIE to the L/B JANIE. Plaintiff claims the basket contacted an exhaust stack on the supply boat during the transfer, causing him personal injury. Plaintiff was employed by Island Operating Company, Inc. ("Island"), which was providing services as a sub-contractor of Nippon Oil Exploration USA, Ltd. ("Nippon").[1] Pursuant to a time charter executed with GOL, Offshore supplied the liftboat JANIE to the jobsite. GOL, in turn, supplied the liftboat to Nippon pursuant to a contract executed by GOL and Nippon.

The time charter party in force and effect between Offshore and GOL obligates GOL to defend, indemnity, and insure Offshore against claims asserted by GOL's customers and their respective sub-contractors and sub-contractors' employees. Because plaintiff is a member of the Nippon sub-contractor group, GOL is obligated to defend and indemnify Offshore against that claim. Offshore tendered its defense and indemnification to GOL, which has thus far failed to provide a definitive response to this tender.[2] Barring GOL's voluntary acceptance of its contractual obligation, the subject Motion is necessary to enforce the contract provisions.

## **LAW AND ARGUMENT**

Under the general maritime law, contract provisions requiring one party to indemnify another, even against the consequences of one's own negligence, are enforceable. *Corbitt v. Diamond M. Drilling Co.*, 654 F. 2d 329, 333 (5th Cir. 1981) Vessel charter parties are "unquestionably" maritime contract[s] interpreted under maritime law. *Angelina Casualty Company v. Exxon Corporation USA, Inc.*, 876 F. 2d 40, 41 (5th Cir. 1989). Consequently, Offshore's claim for defense and indemnification is properly decided under the general maritime law.

---

[1] Deposition of Denvey Ebanks, Exhibit "A" at p. 53.
[2] Offshore first tendered its defense and indemnity to GOL on May 13, 2008. Tender letter attached as Exhibit "B".

Offshore and GOL executed a Time Charter on September 1, 2006,[3] which specifies an initial term of October 1, 2006 through September 30, 2007, during which term the charter cannot be canceled by either party. After the initial term, either party can cancel the charter upon giving the other party 30 days advance written notice. The pertinent term provision states:

> Term: This Time Charter may not be canceled by either party prior to the expiration of one year from the date of its execution. Thereafter, it may be canceled by either party upon the giving of 30 days advance written notice. Following termination, this Time Charter shall remain in effect but only until such time as the job on which the vessel is working is completed.[4]

Between the time this charter came into effect on September 1, 2006 and the date of plaintiff's alleged December 17, 2007 accident, neither party submitted to the other a 30 day notice of cancellation.[5] Consequently, the contract remained in force and effect at the time of the accident, governing the relationship between the parties, if it was not replaced by another contract.

The contract defines "CHARTERER" as "Gulf Offshore Logistics, L.L.C." and "OWNER" as "Offshore Liftboats, L.L.C." It thereafter places the following defense and indemnity obligations on Charterer:

> CHARTERER releases OWNER from any liability to CHARTERER for, and CHARTERER will defend, indemnify, and hold OWNER, its co-venturers, co-operators, partners, and the officers, shareholders, directors, employees, agents, and representatives of any of them, harmless from and against any and all suits, actions, claims, and damages based upon personal injury, death, property damage, or loss, whenever occurring, suffered, or incurred by CHARTERER, its other contractors and sub-contractors, its customers, and its customers' other contractors and sub-contractors, and officers, employees, invitees, agents, and representatives of any of them, arising from or related in any way to the performance of the work hereunder, regardless of how such personal injury, death, property damage, or loss is caused, and even if caused by the

---

[3] Time Charter dated September 1, 2006 attached as Exhibit "C".
[4] Time Charter dated September 1, 2006, attached as Exhibit "C".
[5] Declaration of Craig M. Pierce, attached as Exhibit "D".

3

> unseaworthiness of any vessel, or the negligence, whether sole or concurrent, or active or passive, or other legal fault of OWNER, including strict liability of OWNER, its co-venturers, co-operators, partners, customers, and the officers, shareholders, directors, employees, agents, and representatives of any of them.[6]

The defense and indemnity language clearly requires GOL to indemnify Offshore against claims asserted by GOL's customer's sub-contractors, and their employees. Because plaintiff was employed by a sub-contractor of Nippon and because Nippon was a customer of GOL, GOL is obligated to defend and indemnify Offshore against the claims asserted by plaintiff.

A new Time Charter Agreement was prepared with an effective date of May 4, 2007, and an initial term extending through May 3, 2008.[7] The charter was signed by Offshore and sent to GOL, but GOL did not return a counter-signed copy.[8] During the course of the job, GOL paid to Offshore the charter hire specified in that contract.[9] The exchange of that charter and GOL's acceptance of Offshore's performance was sufficient to bind GOL to the terms of the new charter. *See Falcon Construction Co. v. Bacon Towing Co., Inc.*, 613 F. Supp. 221 (SD Tex. 1985), *aff'd*, 797 F. 2d 975 (5th Cir. 1986); and, *National Marine, Inc. v. Glencore Ltd.*, Ca. 95-2682 (E.D. La. 3/16/1998), 1998 U.S. Dist. LEXIS 3332.[10] Significantly, GOL fairs no better under the May 3, 2007 charter party. As in the September 1, 2006 charter, GOL is obligated to defend and indemnify Offshore against claims made by GOL's customers and their sub-contractors' employees. The result, therefore, is the same - GOL is obligated to defend and indemnify Offshore.[11]

---

[6] Time Charter dated September 1, 2006, attached as Exhibit "C".
[7] Time Charter dated May 3, 2007 attached as Exhibit "E".
[8] Pierce Declaration, Exhibit "D".
[9] *Id.*
[10] *Glencove* decision attached as Exhibit "F".
[11] If GOL contests the application of the May 4, 2007 charter, it is still bound to the September 1, 2006 charter which was never terminated.

## CONCLUSION

The Time Charter Party executed by Offshore and GOL on September 1, 2006 unequivocally obligates GOL to defend and indemnify Offshore against the claims asserted by plaintiff in this litigation. The Time Charter Party proposed in May 2007 contains like obligations. Because there are no material issues of fact in dispute regarding the above, it is respectfully submitted GOL should be ordered to defend and indemnify Offshore against all claims asserted by plaintiff in this litigation, and to reimburse Offshore's attorneys' fees and costs.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, LLC**

**/S/ ROBERT S. REICH**
**ROBERT S. REICH (#11163)**
**LAURENCE R. DeBUYS IV (#14202)**
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, LA  70002
Tel:  (504) 830-3999
Fax:  (504) 830-3950
rreich@rapllclaw.com
lplunkett@rapllclaw.com
*Attorneys for Offshore Liftboats, L.L.C.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record by hand delivery, electronic delivery, facsimile transmission, or by placing same in the U. S. Mail, postage prepaid, this 10th day of February 2009.

**/s/ ROBERT S. REICH**