UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DENVEY EBANKS** | * | CIVIL ACTION |
| | * | |
| VS. | * | NO: 08-1340 |
| | * | |
| **OFFSHORE LIFTBOATS, L.L.C. and** | * | SECTION "C" |
| **C&E BOAT RENTAL, L.L.C.** | * | JUDGE HELEN G. BERRIGAN |
| | * | |
| | * | MAGISTRATE "1" |
| | * | JUDGE SALLY SHUSHAN |
| ************************************* | * | |

## REPLY MEMORANDUM

**MAY IT PLEASE THE COURT:**

    **NOW COMES** Offshore Liftboats, LLC ("Offshore Liftboats"), through undersigned counsel, who files the subject Reply Memorandum in response to the Opposition Memorandum of Gulf Offshore Logistics, LLC ("GOL").

    Offshore Liftboats has supported its Motion for Summary Judgment with a sworn declaration explaining the contractual relationship between the parties. GOL has failed to respond with a countervailing sworn declaration or affidavit. It merely relies on the argument of its counsel and unexplained contractual documents. Such an opposition is insufficient to defeat a properly supported Motion for Summary Judgment:

> The Supreme Court has instructed us that the purpose of Rule 56 is to 'enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues' *Lujan v. National Wildlife Federation*, 497 U. S. 871, 888, 110 S. Ct. 3177, 3189, 111 L. Ed. 2d 695 (1990). To be certain, Rule 56 'mandates the entry of summary of judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex [Corp. v. Catrett]*,477 U. S. [317], 322 [(1986)]….

*Little v. Liquid Air Corp.* 37 F. 3d 1069, 1075 (5th Cir. 1994). In the absence of countervailing sworn testimony, it is respectfully submitted the Motion should be granted.

Even if GOL's evidence was properly authenticated and supported by sworn testimony, it would still be insufficient to defeat Offshore Liftboats' Motion. The September 1, 2006 time charter executed by Offshore Liftboats and GOL was in force and effect at the time of the accident unless GOL can prove it was canceled by 30 days written notice or superseded by the May 4, 2007 charter party signed by Offshore Liftboats but not countersigned by GOL.[1] In either case, GOL owes Offshore Liftboats defense and indemnification given the identical contractual requirements of both contracts.[2] Because the original charter cannot be canceled except in writing, and because the only writing which might have superseded the original contract was yet another written contract, the May 4, 2007 charter between Offshore Liftboats and GOL, there is simply no basis for GOL's contention that there may have been no written contract in place.

GOL's efforts to cloud the contractual issue by the presentation of three additional contracts fairs no better. The time charter attached as Exhibit "C" to GOL's Memorandum is unsigned. The time charter attached as Exhibit "D" to GOL's Memorandum was one entered

---

[1] September 1, 2006 Charter attached as Exhibit "A" to Offshore Liftboats' original Memorandum.
[2] May 4, 2007 Charter attached as Exhibit "C" to Offshore Liftboats' original Memorandum.

into between Nippon Oil Exploration ("Nippon") and GOL which provides protection to Offshore Liftboats as a third-party beneficiary.[3] The time charter attached as Exhibit "E" is yet another contract between GOL and Nippon which includes Offshore Liftboats as a third-party beneficiary. Upon information and belief, the more recent charter between GOL and Nippon dated March 3, 2007 (Exhibit "D") was intended to replace the earlier time charter between GOL and Nippon. (Exhibit "E"). Regardless, and what is perhaps most interesting, is that the time charters attached as Exhibit "D" and "E" also require GOL to defend and indemnify Offshore Liftboats. Thus, regardless of the contract used, GOL owes Offshore Liftboats defense and indemnification.

Against this background, Offshore Liftboats respectfully submits its Motion for Summary Judgment is well founded, and Judgment should be rendered in its favor against GOL requiring it to defend and indemnify Offshore Liftboats against claims asserted in this litigation.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, LLC**

**/S/ ROBERT S. REICH**
**ROBERT S. REICH (#11163)**
**LAURENCE R. DeBUYS IV (#14202)**
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, LA 70002
Tel: (504) 830-3999
Fax: (504) 830-3950
rreich@rapllclaw.com
ldebuys@rapllclaw.com
*Attorneys for Offshore Liftboats, L.L.C.*

---

[3] This contract was never provided to Offshore Liftboats, and was apparently executed by Nippon and GOL to serve as a "back-to-back" with the charter in force and effect between Offshore Liftboats and GOL.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record by hand delivery, electronic delivery, facsimile transmission, or by placing same in the U. S. Mail, postage prepaid, this 17th day of February 2009.

**/s/ ROBERT S. REICH**