UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENVEY EBANKS | CIVIL ACTION |
| versus | NO.: 08-1340 |
| OFFSHORE LIFTBOATS, LLC<br>AND C&E BOAT RENTAL, LLC | SECTION: "C"<br>JUDGE HELEN G. BERRIGAN |
| | MAG. (1)<br>MAG. SALLY SHUSHAN |

### ANSWER TO CROSS CLAIM
### OF OFFSHORE LIFTBOATS, L.L.C.

NOW INTO COURT, through undersigned counsel, comes defendant, Nippon Oil Exploration USA, Limited (hereinafter "Nippon"), who files this Answer to the Cross Claim of Cross Claimant, Offshore Liftboats, L.L.C. (hereinafter "Offshore Liftboats"), and respectfully represents as follows:

### FIRST DEFENSE

The Cross Claim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Cross Claim is barred by prescription, preemption, peremption, and/or laches.

1682898-1

**AND NOW**, in answering the individual paragraphs of Cross Claimant's Cross Claim, Nippon avers as follows:

1.

The allegations contained in Paragraph 1 of the Cross Claim are admitted.

2.

The allegations contained in Paragraph 2 of the Cross Claim are admitted.

3.

The allegations contained in Paragraph 3 of the Cross Claim are denied.

4.

In answering the allegations contained in Paragraph 4 of the Cross Claim, it is admitted that Gulf Offshore Logistics, L.L.C. ("GOL") was chartering vessels to Nippon at the time of the alleged accident. However, it is specifically denied that GOL was chartering vessels for Nippon at the time of the alleged accident pursuant to a Master Service Contract executed between GOL and Nippon on or around June 22, 2005.

5.

In answer to the allegations contained in Paragraph 5 of the Cross Claim, it is admitted that the Plaintiff has alleged that the L/B JANIE was transferring Island personnel from the M/V Betty Cheramie to a location at South Marsh Island 34-I on or about December 17, 2007. All other allegations contained in Paragraph 5 of the Cross Claim are denied.

6.

The allegations contained in Paragraph 6 of the Cross Claim are admitted.

1682898-1

7.

The allegations contained in Paragraph 7 of the Cross Claim are admitted.

8.

The allegations contained in Paragraph 8 of the Cross Claim are denied.

9.

The allegations contained in Paragraph 9 of the Cross Claim are denied.

10.

The allegations contained in Paragraph 10 of the Cross Claim are denied.

11.

The allegations contained in Paragraph 11 of the Cross Claim are denied.

12.

The allegations contained in Paragraph 12 of the Cross Claim are denied.

13.

The allegations contained in Paragraph 13 of the Cross Claim are denied.

14.

The allegations contained in Paragraph 14 of the Cross Claim are denied.

15.

The allegations contained in Paragraph 15 of the Cross Claim are denied.

16.

The allegations contained in unnumbered Paragraph 16 of the Cross Claim, commonly referred to as the Prayer for Relief, are denied.

17.

Any allegations contained in the Cross Claim not specifically answered by the above numbered paragraphs are specifically denied.

### FOURTH DEFENSE

At the time of Plaintiff's alleged injury, Gulf Offshore Logistics, LLC ("GOL") was chartering the L/B JANIE to Nippon pursuant to the Time Charter Agreement between GOL and Nippon executed on or around September 1, 2006. This contract does not require Nippon to defend or indemnify Offshore Liftboats.

### FIFTH DEFENSE

Alternatively, no written contract was in effect between Nippon and Offshore Liftboats at the time of the alleged accident. Therefore, Nippon cannot be required to defend or indemnify Offshore Liftboats.

### SIXTH DEFENSE

Defendant specifically reserves the right to supplement, amend and/or modify its answer and defenses to conform to such facts as may be revealed during discovery or otherwise.

**WHEREFORE,** defendant, Nippon Oil Exploration USA, Limited, hereby prays that its Answer to the Cross Claim of Cross Claimant, Offshore Liftboats, L.L.C., be deemed good and sufficient, and after due delays and proceedings had, there be a judgment entered in Nippon Oil Exploration USA, Limited's favor dismissing Cross Claimant's Cross Claim at Cross Claimant's cost.

Respectfully submitted:

KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.

_____
CHARLES R. TALLEY, T.A. (#12634)
SEAN T. McLAUGHLIN (#31870)
909 Poydras Street, Suite 1450
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051
ATTORNEYS FOR NIPPON OIL EXPLORATION USA, LIMITED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 18 day of September, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

_____
SEAN T. McLAUGHLIN

1682898-1