UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENVEY EBANKS                                              CIVIL ACTION

VERSUS                                                     NO. 08-1340

OFFSHORE LIFTBOATS, L.L.C, ET AL             SECTION "C" (1)

ORDER AND REASONS

This matter comes before the Court on four motions: (1) motion for summary judgment filed by summary judgment filed by C&E Boat Rental, L.L.C. ("C&E") on GOL's crossclaim against C&E (Rec. Doc. 94); (2) motion for summary judgment filed by C&E on C&E's third-party complaint against Nippon (Rec. Doc. 95); (3) cross motion for summary judgment filed by Gulf Offshore Logistics, L.L.C ("GOL") against C&E (Rec. Doc. 97); and (4) motion for summary judgment filed by Offshore Liftboats, L.L.C. ("Offshore Liftboats") against Nippon Oil Exploration, U.S.A., Ltd. ("Nippon") (Rec. Doc. 120).  Having reviewed the record, the memoranda of counsel and the law, the motions are denied for the following reasons.

The underlying facts have been provided in earlier rulings and will not be repeated here.  (Rec. Docs. 121, 122).  These motions concern claims for indemnity and

defense among the vessel interests, including C&E, as owner of the M/V BETTY CHERAMIE and Offshore Liftboats, owner of the L/B JANIE. Underlying the motions and the claims for indemnity are the following contracts:

1. Master Service Contract between Nippon and Island Operating Company ("Island"), plaintiff's employer, dated July 28, 1998 and signed by both parties (Rec. Doc. 95, Exh. B);

2. Master Time Charter between GOL and C&E dated March 30, 2004, and signed by both parties (Rec. Doc. 94, Exh. D);

3. Master Service Contract between Nippon and GOL dated June 22, 2005, and June 27, 2005, and signed by both parties (Rec. Doc. 94, Exh. C);

4. Charter Order Confirmation re M/V BETTY CHERAMIE between Nippon and GOL and C&E, signed by GOL and C&E but apparently not by Nippon, undated and referring to a June 27, 2005, Blanket Time Charter Agreement and a start date of March 1, 2007 (Rec. Doc. 94, Exh. E);

5. Time Charter re: L/B JANIE between GOL and Nippon, in which GOL is referred to as charterer, and Offshore Liftboats is referred to as owner, dated both August 30, 2006, and September 1, 2006, and signed by GOL as owner and Nippon as charterer (Rec. Doc. 104-4, pp. 20-23);

6. Time Charter re: L/B JANIE between Offshore Liftboats and GOL dated both August 30, 2006, and September 1, 2006, and signed by both parties (Rec. Doc. Rec. Doc. 104, p. 24-27);

7. Time Charter re: L/B JANIE between GOL, Nippon and Offshore Liftboats dated both May 3, 2007 and August 30, 2006, signed by Nippon and GOL but unsigned by Offshore Liftboats;

8. Time Charter re: L/B JANIE between GOL and Offshore Liftboats dated May 3, 2007, and signed by Offshore Liftboats but unsigned by GOL (Rec. Doc. 104, pp. 32-36); and

9. Time Charter re: L/B JANIE between GOL, Nippon and Offshore Liftboats dated both August 30, 2006, and May 3, 2007, and signed by Nippon and GOL but unsigned by Offshore Liftboats (Rec. Doc. 104, pp. 37-40).

As indicated, most of these contracts contain internal inconsistencies, omissions and/or error. The movers seek summary judgment on issues of indemnity and defense based on these agreements. Problems inherent in the drafting of the agreements resurface in the motions.

**C&E/GOL**

GOL filed a crossclaim against C&E, as owner of the M/V BETTY CHERAMIE,

for defense and indemnity with regard to GOL's contractual obligation to Offshore Liftboats. Both C&E and GOL move for summary judgment on the issue whether GOL is entitled to indemnity under the terms of the contracts between them.

GOL argues that the 2004 Master Time Charter with C&E applies and requires C&E to indemnify GOL for both tort and contractual obligations. It argues that C&E's obligation to indemnify GOL is the same as GOL's obligation to indemnify Offshore Liftboats. GOL argues in opposition to C&E 's motion that the 2004 Master Time Charter is sufficiently referenced in the Charter Order Confirmation and is not displaced by any alleged reference to the 2005 GOL/Nippon Master Service Contract.

On the other hand, C&E argues that the Charter Order Confirmation indicates that the relationship is governed by the 2005 Nippon/GOL Master Service Contract by virtue of its provision that it is "[p]ursuant to the terms of the Blanket Time Charter dated June 27, 2005, ..." C&E argues that the 2005 Nippon/GOL Master Service Contract does not require C&E to indemnify any party, including GOL. C&E further argues that the Charter Order Confirmation does not otherwise reference the 2004 Master Time Charter.

C&E further argues that even if the 2004 Master Time Charter was properly incorporated into the Charter Order Confirmation, it does not require C&E to

indemnify GOL.  C&E maintains that GOL is not contractually obligated to indemnify Nippon; rather, Nippon is obligated to indemnify GOL and its subcontractors such as C&E.[1]  C&E agrees that when GOL is contractually obligated by a customer to provide indemnity, C&E would assume that obligation under the 2004 Master Time Charter; if GOL is not contractually obligated, C&E has no obligation to indemnify GOL.  C&E concludes that it is not obligated to indemnify GOL for the indemnity claim asserted against GOL by Offshore Liftboats.[2]

Given the ambiguities in the underlying documents, and especially the Charter Order Confirmation, the issues presented in these motions can not be determined on summary judgment.

**C&E/NIPPON**

C&E seeks indemnity from Nippon.  C&E relies upon the terms of the 2005 Nippon/GOL Master Service Contract, the plaintiff's status as a member of the "Company's Group," C&E's status as a GOL subcontractor and the incorporation of

---

[1] The Court has denied GOL's motion for summary judgment seeking defense and indemnity from Nippon. (Rec. Doc. 121).  That denial was based, in part, on the inconsistencies in the various underlying contracts listed above.

[2] The Court previously granted summary judgment in favor of the plaintiff's employer, Island Operating Company, Inc., dismissing the claim brought against it by GOL. (Rec. Doc. 122).

that contract into the Charter Order Confirmation.   It seeks indemnity from Nippon for both tort and contractual claims asserted against C&E.  Nippon argues in opposition that the Charter Order Confirmation is ambiguous because of the reference to the "Blanket Time Charter Agreement dated June 27, 2005," and disagrees that this phrase actually refers to the 2005 Nippon/GOL Master Service Contract.  It also argues that the 2005 Nippon/GOL Master Service Contract requires C&E to indemnify Nippon because the reference in the Charter Order Confirmation should be construed as referring to the 2005 Master Time Charter between GOL and C&E, and indemnity to Nippon is owed thereunder.  Finally, Nippon argues that the 2005 Nippon/GOL Master Service Contract does not provide for indemnity for C&E's contractual obligations.[3]

The ambiguities in the underlying contracts preclude summary judgment on this issue.

**OFFSHORE LIFTBOATS/NIPPON**

Offshore Liftboats, the owner of the L/B JANIE, the other vessel allegedly involved in the plaintiff's accident, also seeks indemnity from Nippon.  Its claim is based on its reading of the indemnity provisions contained in the  2005 Nippon/GOL

---

[3]    The Court previously found the language in the 2005 Nippon/GOL Master Service Contract broad enough to encompass both tort and contractual claims.  (Rec. Doc. 121, p. 10)

Master Service Contract and the May 3, 2007 Time Charter. Offshore Liftboats argues that Nippon's representative signed the documents, which clearly provide for indemnity in its favor as a member of the "Contractor's Group."

Nippon argues in opposition that the May 3, 2007 Time Charter is not signed by Offshore Liftboats, and is unenforceable. It also argues that the 2005 Nippon/GOL Master Service Contract preceded a third contract, the GOL/Nippon Time Charter dated September 1, 2006, allegedly signed by all the relevant parties. It argues that a separate Time Charter dated May 3, 2007, was executed between GOL and Offshore Liftboats only. Nippon argues that certain of the terms of the September 1, 2006, Time Charter may have been modified as reflected in the May 3, 2007, Time Charter. In any event, Nippon argues that the May 3, 2007 Time Charter, if it had been signed by Offshore Liftboats, contains inconsistencies that preclude its enforcement on summary judgment.[4] Nippon argues that the Time Charter between Offshore and GOL dated September 1, 2006, does not impose an obligation to indemnify on Nippon. In sum, Nippon argues that the 2005 Nippon/GOL Master Service Contract has been superseded by the Nippon/GOL Time Charter allegedly signed on September 1, 2006.

In reply, Offshore Liftboats argues that the September 1, 2006, Time Charter is

---

[4] Again, these inconsistencies were noted by the Court in its previous ruling. (Rec. Doc. 121, p. 14).

irrelevant because it expired before the plaintiff's injury, and that Offshore Liftboats signature on the relevant May 3, 2007 Time Charter is not required for it to be binding on Nippon, which did sign the document. Nippon disputes that the September 1, 2006 Time Charter expired, and even if it had expired, the terms of the GOL/Nippon Time Charter governed until the charter of the L/B JANIE was complete, especially in light of Offshore Liftboat's failure to sign the May 3, 2007 Time Charter.

Again, the Court is unable to rule on summary judgment on the issue presented because of the ambiguities in the underlying documents.

The Court remains hopeful that counsel attempt to amicably resolve this matter and the problems caused by what appears to be deficient paperwork documenting these commercial undertakings.

Accordingly,

IT IS ORDERED that:

(1) the motion for summary judgment filed by summary judgment filed by C&E Boat Rental, L.L.C. on GOL's crossclaim against C&E Boat Rental, L.L.C is DENIED (Rec. Doc. 94);

(2) the motion for summary judgment filed by C&E Boat Rental, L.L.C on its third-

party complaint against Nippon Oil Exploration, U.S.A., Ltd. is DENIED. (Rec. Doc. 95);

(3) the cross motion for summary judgment filed by Gulf Offshore Logistics, L.L.C ("GOL") against C&E Boat Rental, L.L.C is DENIED (Rec. Doc. 97); and

(4) the motion for summary judgment filed by Offshore Liftboats, L.L.C. against Nippon Oil Exploration, U.S.A., Ltd. is DENIED (Rec. Doc. 120).

New Orleans, Louisiana, this 4th day of December, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE