MINUTE ENTRY
BERRIGAN, J.
DECEMBER 22, 2009

| | |
|---|---|
| DENVEY EBANKS | CIVIL ACTION |
| VERSUS | NO. 08-1340 |
| OFFSHORE LIFTBOATS, L.L.C., ET | SECTION "C" (1) |

On this date, the Court held the final pre-trial conference in this matter with the following counsel in attendance: Chuck Talley, Amanda Howard, C.J. Hebert, Jeff Raines and William Gee. The parties agree that Island Operating Company, Inc. is no longer in this matter and no remaining issue involves that party. The following items were discussed, determined and are hereby ORDERED:

(1) All contested issues of law shall be briefed in pre-trial memoranda and proposed findings of fact and conclusions of law, which shall be filed no later than January 8, 2010, at 4:30 p.m.

(2) Any motion in limine shall be filed no later than January 8, 2010, at 4:30 p.m. Any opposition shall be filed no later than January 11, 2010, at 4:30 p.m.

(3) By 4:30 p.m. on January 8, 2010, counsel for the

plaintiff is to prepare and submit to the Court two (2) copies of a single Bench Book which shall contain:

    (a) An index of all exhibits listing and numbering all exhibits sequentially and without reference to the offering party. All "un-objected to" exhibits are to be listed first followed by the "objected to" exhibits. In a separate document to be submitted to the Court at the same time, the offering party must briefly respond to each objection in 2-3 sentences.

    (b) All exhibits are to be included in one Bench Book and tabbed. Each individual exhibit exceeding 5 pages in length shall be individually paginated.

    (4) Any discovery that will be used as an exhibit must be specifically identified; for example, the exact Interrogatory and corresponding Answer. Likewise, other documents such as regulations or portions of files must be specifically identified.

    (5) If any video deposition is to be used at trial, the offering party must submit a copy of the transcript to this Court by January 8, 2010, at 4:30 p.m. Additionally, any video deposition must be edited so as to delete all objections and colloquy of counsel, and there shall be no "dead" video or audio spots in the video deposition. If the parties cannot amicable resolve all of the objections, the offering party must submit a transcript of the deposition to this Court by January 8, 2010, at 4:30 p.m., with the disputed objections highlighted and the Court

will promptly rule thereon so that the video deposition can be edited as described prior to trial. A copy of the "clean" video deposition shall be submitted prior to trial.

(6) Any transcribed deposition testimony to be used at trial shall be submitted no later than January 8, 2010, at 4:30 p.m. Again, all objections and colloquy shall be deleted and all offered testimony highlighted. In the absence of agreement on objections, counsel shall submit a copy of the deposition with a brief statement specifying the objection and reason therefore no later than January 8, 2010, and the Court will promptly rule so that a copy of the "clean" deposition can be submitted by the aforesaid deadline.

(7) Any objections as to the admissibility of a document or the ability of a witness to testify based upon noncompliance with these deadlines shall be raised by written motion filed no later than January 8, 2010, at 4:30 p.m., with oppositions due no later than January 11, 2010, at 4:30 p.m.

(8) Trial shall commence on January 19, 2010, at 10:00 a.m.

(9) The plaintiff's motion to bifurcate is DENIED. (Rec. Docs. 149, 150). The amount of any defense costs will be determined by the Magistrate Judge after trial, if appropriate.

_____
HELEN G. BERRIGAN

JS 10: 15 mins.                3